UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:  HAMILTON STAPLES

---

HAMILTON STAPLES,

      Appellant,

v.                              Case No:  2:22-cv-157-JES

KIMBERLY        WOOD-STAPLES,
CHRYSLER  CAPITAL,  MERRICK
BANK,   Debtor,   PINNACLE
CREDIT    SERVICES,    LLC,
QUANTUM3 GROUP, LLC, SYSCO
WEST  COAST,  PREFAB  CITY,
USA,  PROJECT  EXIT,  LLC,
INTERNAL  REVENUE  SERVICE,
U.S.  BANK  TRUST  NATIONAL
ASSOICATION,    as    trustee,
SYSCO  WEST  COAST  FLORIDA,
INC.,  CAVALRY  SPV  I,  LLC,
and  UNITED  STATES  TRUSTEE-
FTM,

      Appellees.

---

**OPINION AND ORDER**

    This  matter  comes  before  the  Court  on  an  appeal  from  the
Bankruptcy  Court's  Corrective  Order  Confirming  Debtor's  Fourth
Amended Plan of Reorganization for Small Business Under Chapter 11
and  Scheduling  Post-Confirmation  Conference  (Doc.  #2-2)  (the
Corrective  Order),  issued  on  February  3,  2022.   Appellant  filed
his *pro se* Brief (Doc. #8) on May 27, 2022.   No responsive briefs
or appearances have been filed.

## I.

The district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees" of the U.S. Bankruptcy Court. 28 U.S.C. § 158(a). "District courts sit in an appellate capacity when reviewing bankruptcy court judgments; they accept the bankruptcy court's factual findings unless they are clearly erroneous and review legal conclusions *de novo*." In re NRP Lease Holdings, LLC, 50 F.4th 979, 982 (11th Cir. 2022) (citing In re JLJ Inc., 988 F.2d 1112, 1116 (11th Cir. 1993). A finding of fact is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed." Crawford v. W. Electric Co., Inc., 745 F.2d 1373, 1378 (11th Cir. 1984) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). See also In re Walker, 515 F.3d 1204, 1212 (11th Cir. 2008). Where a matter is committed to the discretion of the bankruptcy court, the district court must affirm unless it finds that the bankruptcy court abused its discretion. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1238 (11th Cir. 2006). A court abuses its discretion "if it applies an incorrect legal standard, follows improper procedures in making the determination", makes findings of fact that are clearly erroneous, or applies the law in an unreasonable or incorrect manner. Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d

71, 77 (11th Cir. 2013).  "The abuse of discretion standard allows a range of choices for the [bankruptcy] court, so long as any choice made by the court does not constitute a clear error of judgment."  Id. (citation omitted).  An appellate court reads briefs filed by a *pro se* litigant liberally.  Lorisme v. I.N.S., 129 F.3d 1441, 1444 n.4 (11th Cir. 1997).

II.

On November 15, 2020, *pro se* debtor Hamilton Staples (Debtor or Staples) filed a Voluntary Petition for Chapter 11 relief, choosing to proceed as a small business debtor under Subchapter V of Chapter 11.  A Fourth Amended Chapter 11 Plan (Bankr. #313) (the Plan) was filed on September 7, 2021.  On February 3, 2022, the Bankruptcy Court entered the Corrective Order (Doc. #2-2) confirming Debtor's Plan of reorganization.  Among other things, the Corrective Order found that Debtor's Plan complied with the requirements of § 1190 of the Bankruptcy Code and was confirmed as modified by the Corrective Order.  Objections to the Plan where overruled, and Debtor was authorized and directed to take all steps necessary to effectuate and implement the Plan.  Debtor was required to make the payments to creditors under the Plan, rather than have the Trustee do so.  On appeal Debtor challenges the highlighted portions of Paragraph 9 of the Corrective Order:

> **The distributions to Class 7 unsecured creditors shall fluctuate based upon the Debtor's actual disposable income** remaining

after payment of senior claims during the twenty (20) quarter plan term. Currently, the Debtor predicts that he will have $150.00 per quarter to distribute to Class 7 unsecured creditors. **The Debtor shall file quarterly postconfirmation monthly operating reports on or before the twenty-first day of the month after the end of each calendar quarter. The distributions to Class 7 unsecured creditors will be based upon the Debtor's actual disposable income as reflected on the quarterly operating reports**; provided, however, if the Debtor's actual disposable income is less than $150.00 in each quarter, the Debtor will still distribute $150.00 *pro rata* to Class 7 unsecured creditors. The proposed schedule of *pro rata* distributions to Class 7 unsecured creditors is set forth on Exhibit A attached hereto.

(Doc. #2-2, ¶ 9.)  Exhibit A, attached to the Corrective Order, reflects $143.96 of the $150 quarterly payments will go to Pre Fab City, Inc., but "distributions to unsecured creditors will fluctuate each quarter based upon the Debtor's actual disposable income remaining after payment of senior claims; provided, however, if the Debtor's actual disposable income is less than $150.00 in each quarter, the debtor will still distribute $150.00 *pro rata* to Class 7 unsecured creditors." (Doc. #2-2, Exh. A).

Debtor argues that the Bankruptcy Court erred by (1) directing that all payments to Class 7 unsecured creditors shall be based on actual disposable income, instead of projected disposable income, and (2) directing the preparation and quarterly filing of monthly reports. Debtor argues that these requirements conflict with 11

U.S.C. §§ 1191(d), 1191(c)(2)(a), and 1191(c)(2)(b), and that the Bankruptcy Court had no legal authority to impose the requirements.

**III.**

Chapter 11 of the Bankruptcy Code allows a debtor to seek reorganization under the protection of the Bankruptcy Court.  As outlined in Auriga Polymers Inc. v. PMCM2, LLC as Tr. for Beaulieu Liquidating Tr., 40 F.4th 1273, 1277–78 (11th Cir. 2022) (citing 11 U.S.C. § 362(a)), filing a Chapter 11 petition triggers an automatic stay, during which all collection activities are suspended.  "The automatic stay provides breathing room for the debtor to negotiate with its creditors and craft a plan of reorganization."  Id. at 1278.  "These plans categorize claims against the debtor in order of priority."  Id. (citing 11 U.S.C. § 507).  Filing a Chapter 11 petition also automatically creates an "estate," which is used to pay out the debtor's obligations.  "The estate consists of essentially all the debtor's property and rights to property."  Id. (citing 11 U.S.C. § 541(a)).

The Small Business Reorganization Act of 2019 ("SBRA") became effective on February 19, 2020 and added Subchapter V to Chapter 11 of the Bankruptcy Code "to streamline reorganizations for small business debtors."  In re Cleary Packaging, LLC, 36 F.4th 509, 514 (4th Cir. 2022). "The new law was enacted to help small businesses reorganize by streamlining the cumbersome and often expensive process of a typical Chapter 11 reorganization case. The statutory

hope is that by encouraging small business reorganizations more creditors will receive greater distributions and more small businesses will survive and prosper."   In re Greater Blessed Assurance Apostolic Temple, Inc., 624 B.R. 742, 744 (Bankr. M.D. Fla. 2020) (footnotes omitted).   See also In re 218 Jackson LLC, 631 B.R. 937, 946 (Bankr. M.D. Fla. 2021).

A bankruptcy court can confirm a Chapter V plan if it "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interest that is impair under, and has not accepted, the plan."   11 U.S.C. § 1191(b).   The statute also provides some "rule[s] of construction" for the condition that a plan be fair and equitable:

> (c) Rule of construction.--For purposes of this section, the condition that a plan be fair and equitable with respect to each class of claims or interests includes the following requirements:
>
> (1) With respect to a class of secured claims, the plan meets the requirements of section 1129(b)(2)(A) of this title.
>
> (2) As of the effective date of the plan--
>
> (A) the plan provides that all of the projected disposable income of the debtor to be received in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the date that the first payment is due under the plan will be applied to make payments under the plan; or
>
> (B) the value of the property to be distributed under the plan in the 3-year period, or such longer period not to exceed 5 years as the court may fix, beginning on the

> date on which the first distribution is due
> under the plan is not less than the projected
> disposable income of the debtor.
>
> (3)(A) The debtor will be able to make all
> payments under the plan; or
>
> (B)(i) there is a reasonable likelihood that
> the debtor will be able to make all payments
> under the plan; and
>
> (ii) the plan provides appropriate remedies,
> which may include the liquidation of nonexempt
> assets, to protect the holders of claims or
> interests in the event that the payments are
> not made.

11 U.S.C.A. § 1191(c). Additionally, the statute provides a

definition of 'disposable income:"

> (d) Disposable income.--For purposes of this
> section, the term "disposable income" means
> the income that is received by the debtor and
> that is not reasonably necessary to be
> expended--
>
> (1) for--
>
> (A) the maintenance or support of the debtor
> or a dependent of the debtor; or
>
> (B) a domestic support obligation that first
> becomes payable after the date of the filing
> of the petition; or
>
> (2) for the payment of expenditures necessary
> for the continuation, preservation, or
> operation of the business of the debtor.

11 U.S.C.A. § 1191(d). Finally, "[i]n a small business case, a

trustee or the debtor in possession, in addition to the duties

provided in this title and as otherwise required by law, shall",

among other duties, "file all postpetition financial and other

reports required by the Federal Rules of Bankruptcy Procedure or by local rule of the district court."  11 U.S.C. § 1116(4).  <u>See also</u> 11 U.S.C. § 1187(b) (requiring compliance with 1116(4) and (7)).

**IV.**

Debtor argues that the highlighted portions of paragraph 9 of the Corrective Order conflict with 11 U.S.C. §§ 1191(d), 1191(c)(2)(a), and 1191(c)(2)(b), the Bankruptcy Court had no legal authority to impose the requirements, and therefore the Bankruptcy Court abused its discretion in doing so.  The Court finds that these arguments are without merit.

Initially, paragraph 9 of the Corrective Order does not conflict with § 1191(d) because that statutory section is simply a definition of "disposable income."  Paragraph (2)(A) of the Rules of Construction, 11 U.S.C. § 1191(c), simply requires that a plan provide that all projected disposable income be applied to make the distribution payments under the law, while Paragraph (2)(B) requires that the value of the property to be distributed is not less than the projected disposable income.  11 U.S.C. § 1191(c)(2)(A), 1191(c)(2)(B).  Requiring all the actual disposable income to be reported and distributed does not violation these statutory rules of construction.

Additionally, these requirements of paragraph 9 of the Corrective Order are well within the authority of the Bankruptcy

Court.   The All Writs Act provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."   28 U.S.C. § 1651(a).   Additionally, a bankruptcy-specific statute provides that the Bankruptcy Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).   "Under § 105(a), a bankruptcy court can enter 'any order' necessary or appropriate to carry out the provisions of the Bankruptcy Code."   In re Le Ctr. on Fourth, LLC, 17 F.4th 1326, 1337 (11th Cir. 2021) (internal quotation marks and citation omitted).   "[T]he bankruptcy court can exercise authority provided by both the All Writs Act, see In re Fundamental Long Term Care, Inc., 873 F.3d 1325, 1338-41 (11th Cir. 2017), and 11 U.S.C. § 105(a), which provides that the court 'may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.'" Rohe v. Wells Fargo Bank, N.A., 988 F.3d 1256, 1268 (11th Cir. 2021).   The challenged provisions of paragraph 9 were clearly necessary and appropriate under the facts of this case.

Accordingly, it is hereby

**ORDERED:**

The Bankruptcy Court's Corrective Order Confirming Debtor's Fourth Amended Plan of Reorganization for Small Business Under

Chapter 11 and Scheduling Post-Confirmation Conference is **affirmed.** The Clerk shall transmit a copy of this Opinion and Order to the Clerk of the Bankruptcy Court and close the appellate file.

**DONE and ORDERED** at Fort Myers, Florida, this ___6th___ day of January 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
U.S. Bankr. Ct.
Appellant
Counsel of Record